UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDREW DAVID WETZEL                                    CIVIL ACTION

VERSUS                                                 NUMBER: 21-1687

WARREN MONTGOMERY, ET AL.                              SECTION: "I"(5)

### REPORT AND RECOMMENDATION

Presently before the Court is the application to proceed *in forma pauperis* ("IFP") of prolific *pro se* Plaintiff, Andrew David Wetzel. (Rec. doc. 2). For the reasons that follow, it is recommended that Plaintiff's request to proceed IFP be denied and that this action be dismissed without prejudice for abuse of the judicial process under 28 U.S.C. §§1915(e)(2)(B)(i) and 1915A(b)(1).

In the wake of the enactment of 28 U.S.C. §§1915(g) and 1915A(a), federal courts are required to screen prisoners' complaints to determine, *inter alia*, whether a particular prisoner has previously filed three or more lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. In furtherance of that screening mandate, the standardized form that is provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983 contains an initial question asking whether the prisoner has previously filed any other lawsuits "… in state or federal court dealing with the same facts involved in this action or otherwise relating to … [his] imprisonment." (Rec. doc. 1, p. 1, Question I(A)). If that question is answered in the affirmative, the prisoner is directed to describe any such previous lawsuits. (*Id.* at p. 2, Question I(B)). A further question on the form asks whether the prisoner has "… previously filed [any] lawsuits or appeals, whether or not related to the issues raised in this complaint, which have been dismissed as

frivolous, malicious, or for failure to state a claim for which relief can be granted by any federal court." (*Id.*, Question I(C)). If that question is answered in the affirmative, a follow-up instruction directs the prisoner to list the "civil action numbers and the disposition of each case" and to also identify the federal district or appellate court in which the prior action(s) was/were brought. (*Id.*). A prisoner's failure to answer these questions truthfully and accurately imposes an undue burden on the courts to perform their required screening obligations and justifies dismissal of the action without prejudice for abuse of the judicial process. *Sears v. Haas*, 509 Fed.Appx. 935 (11th Cir. 2013); *Young v. Sec. Florida for Dept. of Corrections*, 380 Fed.Appx. 939, 940-41 (11th Cir. 2010); *West v. Prescott*, No. 19-CV-0190, 2019 WL 6339917 at *1-2 (S.D. Ga. Nov. 1, 2019), *adopted* 2019 WL 6340930 (S.D. Ga. Nov. 26, 2019); *Young v. McNeil*, No. 09-CV-0072, 2009 WL 2781442 (N.D. Fla. Aug. 28, 2009).

Just like the plaintiffs in *Shelton v. Rohrs*, 406 Fed.Appx. 340 (11th Cir. 2010) and *Hood v. Tompkins*, 197 Fed.Appx. 818 (11th Cir. 2006), in response to Question I(A) of the pre-printed §1983 complaint form, which complaint Plaintiff signed under penalty of perjury in substantial conformity with 28 U.S.C. §1746 (rec. doc. 1, p. 5), he checked "no" to the query asking about the existence of any previous suits. (Rec. doc. 1, p. 1). He thereafter provided an answer of "N/A" in response to Question I(B) which asked him to describe any such previous lawsuits. (*Id.* at p. 2). Although Plaintiff subsequently provided an affirmative answer to Question I(C) that was inconsistent with his answer to Question I(A) and referenced a list which contained "several" such previous matters (*id.*), no list was provided. By the Court's calculation, the instant proceeding appears to be nearly the 70th lawsuit that Plaintiff has filed in this forum alone, with numerous such matters being dismissed as frivolous or for failure to state a claim such that he has been barred on

2

numerous occasions from filing further suits IFP pursuant to the three-strikes provisions of §1915(g). *See*, e.g., *Wetzel v. Tanner, et al.*, No. 16-CV-5765 "I"(2); *Wetzel v. Prieto, et al.*, No. 16-CV-5482 "H"(2).[1/] Plaintiff's untruthful, inaccurate, and evasive answers to the initial questions on the §1983 complaint form, a pleading which he signed under penalty of perjury, impose an undue burden on the Court in performing its screening obligations under §§1915(g) and 1915A(a) and warrant the denial of his application to proceed IFP, *West*, 2019 WL 6340930, and the *sua sponte* dismissal of this matter without prejudice. *Sears*, 509 Fed.Appx. at 936; *Shelton*, 406 Fed.Appx. 340-41; *Hood*, 197 Fed.Appx. 818; *Young*, 380 Fed.Appx. 940-41; *Young*, 2009 WL 2781442.[2/]

## RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's application to proceed IFP be denied and that this action be dismissed without prejudice for abuse of the judicial process.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that

---

[1/] Wetzel has also been disallowed from proceeding with various habeas petitions based on his failure to pay a monetary sanction that was imposed by the Fifth Circuit and his failure to obtain authorization under 28 U.S.C. §2244(b)(3)(A). *See*, *Wetzel v. Goodwin*, No. 17-CV-5676 "N"(1); *IN RE Andrew Wetzel*, No. 17-CV-3617 "N"(1); *IN RE: Andrew Wetzel*, No 17-CV-3581 "N"(1); *IN RE Andrew Wetzel*, No. 17-CV-3570 "N"(1); *Wetzel v. Goodwin*, No. 17-CV-3559 "N"(1).

[2/] The denial of Plaintiff's application to proceed IFP and the dismissal of this action without prejudice will render moot his motions for injunctive relief, for an expedited hearing and briefing schedule, and for the appointment of counsel. (Rec. docs. 3, 4, 5).

such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[3/]

New Orleans, Louisiana, this  19th  day of       September     , 2021.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[3/] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.